1
2
3          UNITED STATES DISTRICT COURT
4          EASTERN DISTRICT OF WASHINGTON
5
MARIA CAPETILLO,                         No. CV-12-3106-FVS
6
              Plaintiff,
7                                        ORDER GRANTING DEFENDANT'S
   vs.                                   MOTION FOR SUMMARY JUDGMENT
8                                        AND DENYING PLAINTIFF'S MOTION
   CAROLYN W. COLVIN, Acting             FOR SUMMARY JUDGMENT
   Commissioner of Social Security,
9
              Defendant.
10
11          BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 18, 21.)

12   Attorney D. James Tree represents plaintiff; Special Assistant United States Attorney Richard M.

13   Rodriguez represents defendant. After reviewing the administrative record and briefs filed by the

14   parties, the court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's

15   Motion for Summary Judgment.

                              **JURISDICTION**
16
17          Plaintiff Maria Capetillo (plaintiff) protectively filed for disability insurance benefits

18   (DIB) and supplemental security income (SSI) on December 2, 2009. (Tr. 116, 123, 133.)

19   Plaintiff alleged an onset date of October 8, 2008. (Tr. 116.) Benefits were denied initially and

20   on reconsideration. (Tr. 65, 73.) Plaintiff requested a hearing before an administrative law judge

21   (ALJ), which was held before ALJ David J. DeLaittre on October 4, 2011. (Tr. 43-59.) Plaintiff

22   was represented by counsel and testified at the hearing. (Tr. 46-54.) Vocational expert Daniel

23   McKinney also testified. (Tr. 54-59.) The ALJ denied benefits (Tr. 24-35) and the Appeals

24   Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. §

25   405(g).

                          **STATEMENT OF FACTS**
26
27          The facts of the case are set forth in the administrative hearing transcripts, the ALJ's

     decision, and the briefs of plaintiff and the Commissioner, and will therefore only be

     summarized here.

Plaintiff was 43 years old at the time of the hearing. (Tr. 53.) She grew up in Mexico and did not attend school. (Tr. 48.) She had an evaluation which assessed her to be at the second grade level. (Tr. 48.) She does not know how to write in English although she speaks and understands a little. (Tr. 48.) She worked for 15 years hand-packing fruit. (Tr. 48.) She testified she hurt her right shoulder at work while pulling a box. (Tr. 48-49.) The evening of the injury she was not able to lift her arm and she was in a lot of pain. (Tr. 49.) Her fingers were numb and she had pain in her elbow. (Tr. 49.) Since then, she has not been able to do a lot of things at home, like vacuum and clean. (Tr. 49.) Anything she holds in her right hand falls, like a comb or toothbrush. (Tr. 48-49.) She feels like her arm is going to fall off. (Tr. 50.) She feels she overworks her left arm to compensate for her right. (Tr. 51.) She has difficulty bathing herself, dressing, and using the rest room. (Tr. 51.) Plaintiff has been depressed since the injury and cries when she tries to do something with her right arm or hand. (Tr. 52.) She takes medication for muscle relaxation, pain, nerves, anxiety and depression. (Tr. 47.) The medication makes her tired. (Tr. 52.) She is not able to concentrate. (Tr. 52.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision

of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since October 8, 2008, the alleged onset date. (Tr. 26.) At step two, the ALJ found plaintiff has the following severe impairments: right shoulder tendinopathy and arthropathy. (Tr. 26.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 28.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently. She can stand and/or walk with normal breaks for a total of about six hours in an eight-hour workday. Lifting or reaching above shoulder level with the right arm is precluded. The claimant can never climb or crawl. She is limited to unskilled work that would not require her to speak English.

(Tr. 29). At step four, the ALJ found plaintiff is unable to perform past relevant work. (Tr. 32.) After considering plaintiff's age, education, work experience, residual functional capacity and the testimony of a vocational expert, the ALJ determined there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 34.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from October 8, 2008, through the date of the decision. (Tr. 35.)

### ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred: (1) by improperly rejecting the opinions of Dr. Harveson and PA-C Hanington; (2) in making a negative credibility finding; and (3) by failing to properly consider Complex Regional Pain Syndrome. (ECF No. 18 at 8-22.) Defendant argues: (1) the ALJ made a proper credibility finding; (2) the ALJ properly evaluated the medical evidence; and (3) the ALJ did not err at step two regarding Complex Regional Pain Syndrome. (ECF No. 21 at 8-26.)

### DISCUSSION

**1.    Credibility**

Plaintiff argues the ALJ committed reversible error in making the credibility determination. (ECF No. 18 at 16-21.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d

341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

The ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but plaintiff's statements are not entirely credible. (Tr. 30.) The ALJ gave several reasons for rejecting plaintiff's statements: (1) the overall record and objective medical evidence do not support the alleged severity of plaintiff's symptoms and limitations; (2) reports of excessive pain behavior and malingering; and (3) plaintiff reported a range of activities inconsistent with a finding of total disability. (Tr. 30-33.) Plaintiff argues the ALJ committed reversible error by finding the objective medical evidence and activities of daily living did not support plaintiff's pain complaints and claim of disability. (ECF No. 18 at 16.) Defendant argues the ALJ's credibility determination is supported by evidence of malingering and other clear and convincing reasons supported by substantial evidence. (ECF No. 21 at 8-14.)

One reason given by the ALJ supporting the negative credibility finding is evidence of excessive pain behavior and malingering. (Tr. 30-33.) Affirmative evidence of malingering alone

can support a negative credibility finding. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2007). The ALJ cited the opinions of Drs. Reiss and Wong who noted excessive pain behavior and opined plaintiff's treatment appeared to be based on subjective symptoms without objective findings. (Tr. 30-31, 213.) The ALJ also noted the opinions of Drs. Kopp and Haynes indicated "claimant's pain behavior is so overwhelming it clouds everything on the examination" and plaintiff demonstrated "other obvious overt characteristics of pain behavior" which were listed in detail. (Tr. 31, 238.) Drs. Kopp and Haynes also indicated the physical findings indicate "conscious manipulation of pain behavior to the point where malingering is a strong possibility." (Tr. 31, 239.) The ALJ pointed out that plaintiff's primary care provider, Lisa Rutherford, ARNP, concurred with the findings of Dr. Kopp and Haynes.[1] (Tr. 31, 370.) As a result of Drs. Kopp and Haynes' findings, plaintiff underwent a psychiatric evaluation by Dr. Robinson who identified no psychiatric condition. (Tr. 397.) Dr. Robinson found plaintiff's chronic pain behavior may represent malingering or a somatoform disorder. (Tr. 33, 397.) This evidence reasonably supports a finding of malingering and excessive pain behavior which undermines plaintiff's credibility. Notwithstanding that evidence of malingering may alone justify a negative credibility finding, the ALJ cited additional reasons for rejecting plaintiff's complaints.

Another reason cited by the ALJ as basis for rejecting plaintiff's complaints of pain and limitations is that plaintiff reported a range of activities inconsistent with a finding of total disability. (Tr. 33.) Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, a claimant need not be utterly incapacitated in order to be eligible for benefits. *Id.* Many activities are not easily transferable to what may be the more grueling environment of the workplace, where it might not be possible to rest or take medication. *Id.* Notwithstanding, daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ cited plaintiff's report that she cares for her eight-year-old son, performed activities of daily living such as personal care, household

---

[1] In August 2009, Ms. Rutherford disagreed with the findings of Drs. Reiss and Wong and recommended (1) consultation with a pain clinic; (2) a bone scan; and (3) consult with an orthopedic surgeon. (Tr. 328.) In September 2009, a bone scan was normal (Tr. 348) and Dr. Kopp, an orthopedic surgeon, and Dr. Haynes, a neurologist, examined plaintiff. (Tr. 228.) Upon reviewing those reports, Ms. Rutherford concurred with the findings. (Tr. 370.)

chores, grocery shopping and meal preparation. (Tr. 33, 47, 50, 157-59.) Additionally, the ALJ noted plaintiff reported driving, going out daily, and the ability to go out alone. (Tr. 33, 47, 159.) Plaintiff reported she attended church, visited the YWCA, attended English classes and visited friends' houses. (Tr. 33, 160.) The ALJ concluded this level of functioning is inconsistent with the plaintiff's allegations of a disabling impairment. (Tr. 33.) It is noted that plaintiff's reports of some of these activities are moderated by complaints of difficulty completing or completing them with pain. For example, plaintiff noted, "It's hard to dress me and my son," "It hurts a lot just doing the normal [bathing] routine," "It's hard to brush my hair," "It hurts to grip utensils to feed myself," and "House upkeep is very difficult." (Tr. 157.) However, although the evidence of plaintiff's daily activities may reflect an interpretation more favorable to plaintiff, the ALJ's interpretation was rational, and the ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005); *Magallanes*, 881 F.2d at 750. Thus, the ALJ reasonably considered plaintiff's daily activities in finding plaintiff less than fully credible.

The third reason mentioned by the ALJ in making the negative credibility finding is the overall record and objective medical evidence do not support the alleged severity of plaintiff's symptoms and limitations. (Tr. 30.) An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2); *see also* S.S.R. 96-7p. Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ pointed out October 2008 x-rays were normal (Tr. 353-54); October 2008 electrodiagnostic studies of the right upper extremity showed no cervical radiculopathy (Tr. 207); an April 2009 cervical MRI showed only slight bulging of the C5-6 disc and was otherwise unremarkable (Tr. 204); and a September 2009 bone scan was normal (Tr. 348). (Tr. 30-31.) Plaintiff showed increased function in the right arm with regard to activities of daily living and decreased pain symptoms at occupational therapy in April and May 2009. (Tr. 30, 260, 275.) The ALJ also detailed the objective findings of Dr. Reiss, an orthopedist, and Dr. Wong, a

neurologist, Dr. Kopp, an orthopedic surgeon, and Dr. Haynes, a neurologist. (Tr. 30-31, 205-15, 227-42.) Based on the foregoing, the ALJ reasonably concluded the objective findings do not support the degree of limitations alleged.

Plaintiff argues other evidence in the record supports plaintiff's complaints. (ECF No. 18 at 16-17.) Plaintiff cites the Dr. Pierson's April 2009 note that a cervical MRI reveals a slight disc bulge and diagnosed right upper extremity pain and hyperreflexia consistent with myelopathy. (Tr. 200, ECF No. 18 at 17.) However, Dr. Pierson also concluded the MRI of the C-spine "shows no significant pathology" and, despite the slight disc bulge, "is otherwise unremarkable." (Tr. 200.) This is consistent with the findings of Drs. Reiss, Wong, Kopp and Haynes. Other evidence cited by plaintiff was also considered and interpreted by physicians credited by the ALJ. To the extent there is any conflict in the objective evidence, the court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ's findings regarding the objective evidence are rational and based on substantial evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  As a result, the ALJ reasonably considered the lack of objective evidence in assessing plaintiff's credibility.

## 2.    Opinion Evidence

Plaintiff argues the ALJ committed reversible error by improperly rejecting the opinions of Dr. Harveson and Andrew Hanington, PA-C. In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

The opinion of an acceptable medical source such as a physician or psychologist is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ is obligated to give reasons germane to "other source" testimony before discounting it.

Mr. Hanington wrote a letter dated January 5, 2010, stating plaintiff's diagnoses are cervical neck strain, right shoulder strain, and right upper extremity allodynia. (Tr. 378.) He noted plaintiff consistently presented with significant pain in the upper right back, neck and right upper extremity with significantly limited ability to use her arm without severe pain. (Tr. 378.) He opined plaintiff was not capable of seeking work at that time due to significant chronic pain. (Tr. 378.)

Dr. Harveson first saw plaintiff in March 2, 2010. (Tr. 413.) On exam, Dr. Harveson noted decreased grip strength and "a fair amount of pain behavior." (Tr. 413.) He noted plaintiff had "a lot of subjective symptoms and I gather insufficient evidence to verify her disability." (Tr. 413.) He concluded she may have complex regional pain syndrome which would need management. (Tr. 413.) On that date, he wrote a letter stating plaintiff is disabled by her right upper extremity injury and opined she needs more evaluation and treatment. (Tr. 416.) He concluded she is not capable of working at her previous occupation and probably not any occupation. (Tr. 416.) In July 2010, Dr. Harveson noted plaintiff's past "extensive evaluation already, including 3 MRIs and nerve conduction studies." (Tr. 470.) He noted hypperreactivity on the right compared to the left side and a moderate amount of pain behavior. (Tr. 470.) He wondered whether plaintiff might have complex regional pain syndrome and opined she is on appropriate medications. (Tr. 470.)

In August 2010, Dr. Harveson completed a Medical Report form and listed as diagnoses right upper extremity pain and possible complex regional pain syndrome. (Tr. 468-69.) When asked whether plaintiff had physical or mental conditions which are reasonably likely to cause

pain, Dr. Harveson indicated, "Possibly[.] Must consider psychosomatic illness." (Tr. 468.) When asked whether work on a regular and continuous basis would cause plaintiff's condition to deteriorate, Dr. Harveson wrote, "According to patient, yes. I think she would refuse to work." (Tr. 469.) In June 2011, Dr. Harveson completed a second Medical Report form and again noted right upper extremity injury and possible complex regional pain syndrome as diagnoses. (Tr. 471-72.) He indicated conditions reasonably likely to cause pain are depression and anxiety. (Tr. 471.) He also noted he thought plaintiff would refuse to try to work. (Tr. 472.) He then wrote, "RUE [right upper extremity] is virtually useless making productive employment unlikely." (Tr. 472.) In office visit notes, Dr. Harveson noted plaintiff had gone through an extensive workup and had trials of several treatments which have been ineffective, including cortisone shots and TENs unit, and medications are not helping. (Tr. 473.) The record includes another progress note from Dr. Harveson dated December 30, 2011,[2] which notes plaintiff has a very frustrating injury. (Tr. 563.) Dr. Harveson stated, "It is my belief that the patient has total disability of the right arm and suffers with a good deal of pain." (Tr. 563.)

    The ALJ rejected the opinions of Dr. Harveson and Mr. Hanington because they are unsupported by objective evidence and were based on plaintiff's subjective reports of symptoms and limitations which are not credible. (Tr. 32.) An ALJ may discredit treating physicians' opinions that are unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). A physician's opinion may also be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Morgan v. Comm'r*, 169 F.3d 595 (9th Cir. 1999); *Fair*, 885 F.2d at 604. As discussed *supra*, plaintiff's allegations of limitations and pain were reasonably determined by the ALJ to be not credible. Dr. Harveson himself noted a lack of supporting objective findings (Tr. 413, 470) and any findings by Dr. Harveson on exam do not reasonably support a conclusion of total disability in light of the record as a whole. (Tr. 413, 470.) Further, Dr. Harveson twice noted that plaintiff thinks she is disabled and would refuse to work, suggesting Dr. Harveson's conclusion that plaintiff cannot work is based on her complaints in light of the lack of objective evidence. (Tr. 469, 472.) In addition, the

---

[2] This progress note was not before the ALJ as it was created after the date of the ALJ's October 2011 decision. However, it is properly considered by this court because the Appeals Council considered it in denying plaintiff's request for review. *See Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000); *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).

ALJ rejected Dr. Harveson's opinion that plaintiff is disabled because that finding is reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1); S.S.R. 96-5p. This provides additional basis for giving little weight to Dr. Harveson's conclusion of total disability. With regard to Mr. Hanington, the opinion cites no objective evidence supporting the conclusion that plaintiff is not capable of seeking work, noting in support only plaintiff's subjective complaints of pain and limitations. (Tr. 378.)

Lastly, to the extent the opinion of Dr. Harveson or Mr. Hanington contains findings which conflict with the findings of other physicians credited by the ALJ, if any, it is the ALJ's duty to resolve conflicts and ambiguity in the medical and non-medical evidence. *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999). The ALJ's interpretation of the evidence in reasonable in this case. Thus, the ALJ cited specific, legitimate reasons for rejecting the opinion of Dr. Harveson and germane reasons for rejecting the opinion of Mr. Hanington. As a result, the ALJ provided legally sufficient justification for rejecting the opinions of Dr. Harveson and Mr. Hanington and the ALJ did not err.

Plaintiff also argues the ALJ improperly gave controlling weight to the non-treating, non-examining disability examiner. (ECF No. 18 at 9.) However, the ALJ gave weight to the findings of Dr. Platter, a reviewing physician, not to a non-physician examiner. (Tr. 32.) Dr. Platter reviewed the recommendations of the non-physician examiner and affirmed them, making the recommendations part of his medical opinion. (Tr. 379-86, 452.) Further, the ALJ's adoption of the RFC contained in Dr. Platter's opinion is supported by substantial evidence as discussed throughout the ALJ's decision, including the opinions of at least four other physicians in the record. (Tr. 26-33, 384, 452.) As a result, the ALJ did not err in considering and adopting the RFC findings of Dr. Platter.

### 3.    Complex Regional Pain Syndrome

Plaintiff argues the ALJ erred by failing to properly consider Complex Regional Pain Syndrome. (ECF No. 18 at 21.) The ALJ did not find Complex Regional Pain Syndrome (CRPS) is a severe impairment or specifically address the condition in the decision despite several mentions of CRPS in the record. Plaintiff notes Ms. Rutherford, ARNP, was concerned about a possible diagnosis of CRPS (Tr. 359.) Mr. Hanington, PA-C, noted Ms. Rutherford's concern about possible CRPS. (Tr. 378.) Dr. Harveson mentioned the possibility of CRPS several times, noting "she may have complex regional pain syndrome" (Tr. 413); "there is a possibility that the

1   patient has complex regional pain syndrome" (Tr. 416); "I wonder if the patient now has
2   complex regional pain syndrome" (Tr. 470); two diagnoses of "possible complex regional pain
3   syndrome" (Tr. 468, 471); and "It is my concern that she has complex regional pain disorder."
4   (Tr. 563.) Plaintiff argues this possible diagnosis could explain why plaintiff had severe pain for
    what appears to be a minor injury. (ECF No. 18 at 22.)
5           This argument fails for a number of reasons. First, the ALJ properly rejected the opinions
6   of Mr. Hanington and Dr. Harveson. Second, Ms. Rutherford ultimately changed her opinion
7   regarding plaintiff's condition after reviewing the report of Drs. Kopp and Haynes. (Tr. 370.)
8   Third, Drs. Kopp and Haynes addressed the possibility of CRPS and found, "Absolutely no
9   evidence clinically of complex regional pain syndrome." (Tr. 238.) In support, Drs. Kopp and
10  Haynes noted if plaintiff had CRPS, the right arm would be expected to have significant atrophy
11  and it does not. (Tr. 238.) Even assuming for the sake of argument that the evidence cited by
12  plaintiff constituted substantial evidence of CRPS (and the court does not conclude that it does),
13  the Kopp/Haynes opinion conflicts with that evidence and was reasonably credited by the ALJ.
14  Fourth, Dr. Harveson's statements fall short of diagnosing or establishing CRPS as a condition
15  because every mention of CRPS by Dr. Harveson is modified by "may have," "possibility," "I
16  wonder," "possible," and "concern." (Tr. 413, 416, 470, 471, 563.) Lastly, even if CRPS were
17  established in the record, there is no evidence of limitations caused by that condition other than
    those established in the RFC finding. As a result, the ALJ did not err by failing to further
18  consider complex regional pain syndrome.
19
20
21
22
23
24
25
26
27

1

**CONCLUSION**

2      Having reviewed the record and the ALJ's findings, this court concludes the ALJ's

3  decision is supported by substantial evidence and is not based on error.

4      **IT IS ORDERED:**

5      1.      Defendant's Motion for Summary Judgment **(ECF No. 21)** is **GRANTED.**

6      2.      Plaintiff's Motion for Summary Judgment **(ECF No. 18)** is **DENIED**.

7      The District Court Executive is directed to file this Order and provide a copy to counsel

8  for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be

9  **CLOSED**.

10      DATED March 10, 2014

11

12                            _s/ Fred Van Sickle_
                            Fred Van Sickle
13                      Senior United States District
                            Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14